Ed Stovall v. The State.

No. 12596. Delivered November 20, 1929.

The opinion states the case.

*James A. Stephens* of Benjamin, and *Bledsoe, Crenshaw & Dupree* of Lubbock, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful sale of intoxicating liquor; penalty, three years in the penitentiary.

Appellant was indicted in two counts, one charging an unlawful sale and the other the unlawful possession for the purpose of sale of intoxicating liquor. Only the count charging the sale was submitted to the jury.

Witness Craig testified that about the date alleged in the indictment he bought a pint of liquor from appellant at his home, paying him therefor the sum of $2.50. This was the transaction relied on by the State for a conviction.

It is shown by Bill of Exception No. 3 that State's witness Mrs. Baxter was permitted to testify over objections of appellant that in company with a cripple fellow they had gone to appellant's house and that the cripple fellow got a bottle of whisky from appellant, and over appellant's further objections was permitted to testify that "the reason she was trying to buy this whisky from appellant was because her husband drank so much and she had told her husband that if he did not quit drinking so much that she was going to get the people who were selling it to him." We deem it unnecessary to pass on the admissibility of the sale of the whisky, since the possession count is out of the case. It is plainly patent that her reasons for buying the whisky and her conversations with her husband were inadmissible. A discussion or citation of authority seems unnecessary. That it was highly prejudicial is also apparent.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.